UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO URENA,<br>Plaintiff,<br><br>-against -<br><br>TAJ OF INDIA INC., d/b/a TAJ KABAB KING and AFSOR UDDIN,<br><br>Defendants, | Index No:23-CV-06301-DLI-RML<br><br>**ANSWER TO THE COMPLAINT** |

The Defendants TAJ OF INDIA INC., d/b/a TAJ KABAB KING (herein after "TAJ INC.") and AFSOR UDDIN (herein after "UDDIN") through their attorneys KHALID M. AZAM of AZAM & HERTZ LLP, an attorney duly admitted to practice law in the Courts of the State of New York, and in Federal Courts including U.S. District Court Eastern District New York, in response to the allegations in the Complaint dated August 22, 2023, by the Plaintiff, answer as follows:

**1.** As, to paragraph "1", under NATURE OF ACTION, the Defendants deny the allegations. The allegations mentioned in that are false, baseless and have been tailored to abuse the judicial system of the United States to extort money from the Defendants under a scheme. Whatever period ANTONIO URENA (herein after "URENA") has worked, he has been paid for all those hours and period by check to him. As stated above, this lawsuit has

been brought under a well-planned scheme to extort money from the Defendants by abusing the judicial system. This is a classical example of Robbery Attempt by Legal means.

## PRELIMINARY STATEMENT

**2.** Defendants deny the Plaintiff's allegation that he worked as a kitchen helper and also, as delivery person at Defendants' Restaurants in Brooklyn. He only worked as a delivery person and not as any type of helper in the restaurant. The Plaintiff URENA has lied about the wages he used to get and the hours he worked. He never worked 69 Hours/Week for 7 Days week or 59 hours/week for 6 days week as claimed by him. He worked mostly in Noon Shift (12 Noon to 6 P.M.) and a couple of times in the Night Shift (6 P.M. to 12 A.M., Mid Night). Mr. Urena only worked for a Couple of months from 04-17-2023 to 08-09-2023.

**3.** AS to paragraphs 3 & 4 of the Complaint under JURISDICTION AND VENUE, the Defendants admit jurisdiction of the Court.

**4.** The para "5" of the Complaint is denied for lack of knowledge and information.

**5.** The paras "6 to 8" are admitted.

**6.** The paragraph "9,10,11 and 12" are admitted.

**7.** The paragraph "13" and "14" of the complaint are denied. Only Taj Of India Inc, and not Afsor Uddin was the employer of the Plaintiff.

**8.** The paragraphs "15" and "16" are denied. The Defendants did not meet the thresholds mentioned in those paragraphs "15" and "16".

**9.** The paragraph "17" of the Complaint is admitted.

**10.** As to the paragraph "18" of the Complaint, it is admitted to the extent the Plaintiff worked as delivery person and it is denied that he worked as kitchen helper.

**11.** Paragraph "19" of the Complaint is admitted.

**12.** The Paragraphs "20" and "21" of the Complaint are denied.

**13.** Paragraph "22" is admitted.

**14.** Paragraph "23" is partially admitted.

**15.** Paragraph "24" of the Complaint is partially admitted.

**16.** Paragraph "25" is denied as to hours claimed by Plaintiff, in terms of start and end time as well as total hours of 69 hour/week or 59 hours/week as mentioned in the Complaint.

**17.** Paragraph "26" is denied that Plaintiff was not required to keep track of his time. Plaintiff was never prohibited to keep track of his hours. The Plaintiff is saying that so that he can exaggerate his hours to whatever he wants to claim for his lawsuit.

**18.** Paragraph "27" is denied.

**19.** Paragraph "28" of the Complaint is denied.

**20.** Paragraph "29" of the Complaint is denied. Plaintiff was not required to perform the duties mentioned in that paragraph. Plaintiff in fact used to be busy on his Cellphone chatting or texting activities most of the times when he was not doing deliveries.

**21.** Paragraph "30" of the Complaint is denied. The checks paid to him contradict this and show how credible the Plaintiff is.

**22.** The paragraph "31" of the Complaint is denied. Plaintiff shift was either 12 Noon to 6 P.M. or 6 P.m. to 12 Mid Night.

**23.** The paragraph "32" is denied.

**24.** Paragraph "33" of the Complaint is denied. Plaintiff's shift was 6 hours and 10 hours as claimed.

**25.** Paragraph "34" of the Complaint asserts a legal conclusion to which no answer is required, to the extent an answer is required Defendants deny each and every allegation asserted against the Defendants.

**26.** Paragraph "35" of the Complaint is denied. This paragraph of the Complaint asserts a legal conclusion to which no answer is required, to the extent an answer is required, Defendants deny each and every allegation asserted against the Defendants.

**27.** Paragraph "36" of Complaint is denied.

**28.** Paragraph "37" of the Complaint is denied. Plaintiff claims that he was not paid minimum hourly rate under FLSA and or under NYLL, for all the hours worked is totally false and baseless.

**29.** Paragraph "38" of the Complaint is denied. This paragraph of the Complaint asserts a legal conclusion to which no answer is required, to the extent an answer is required, Defendants deny each and every allegation asserted against the Defendants.

**30.** Paragraph "39" to "43" of the Complaint are denied.

**AS TO FIRST CAUSE OF ACTION**

**31.** Paragraph "44" of the Complaint is denied to the extent that Defendants failed to pay Plaintiff the applicable minimum rate for each hour worked.

**32.** Paragraph "45" of the Complaint asserts a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation levelled in that paragraph against the Defendants.

**33.** Paragraph "46" of the Complaint asserts a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation levelled in that paragraph against the Defendants.

**34.** Paragraph "47" of the Complaint is denied by the Defendants and leave Plaintiff to his proof.

**35.** Paragraph "48" of the Complaint asserts a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation levelled in that paragraph against the Defendants.

**AS TO SECOND CAUSE OF ACTION**

**36.** Defendants repeat and reallege each of the above paragraphs as if set forth at length herein.

**37.** Paragraph "49" is denied.

**38.** Paragraph "50" of the Complaint asserts legal conclusion to which no answer is required. To the extent an answer is required. Defendants deny each and every allegation asserted in that paragraph against the Defendants.

**39.** Paragraph "51" of the Complaint is denied by the Defendants and leaves Plaintiff to his proof.

**AS TO THIRD CAUSE OF ACTION**

**40.** Defendants repeat and reallege each of the above paragraphs as if set forth at length herein.

**41.** Paragraph "52" of the Complaint is denied that the Plaintiff was jointly employed by the Defendants.

**42.** Paragraph "53" of the Complaint is denied.

**43.** Paragraph 54" of the Complaint asserts a legal conclusion to which no answer is required, to the extent an

answer is required, Defendants deny each and every allegation asserted against the Defendants.

**44.** Paragraph "55" of the Complaint is denied by the Defendants and leave Plaintiffs to their proof.

**AS TO FOURTH CAUSE OF ACTION**

**45.** Defendants repeat and reallege each of the above paragraphs as if set forth at length herein.

**46.** Paragraph "56" of the Complaint is admitted to the extent that certain laws required to pay overtime at a certain rate under certain set of conditions.

**47.** Paragraph "57" of the Complaint is denied as the Plaintiff did not work overtime.

**48.** Paragraph "58" of the complaint is denied by the Defendants and leave the Plaintiff to their proof.

**AS TO FIFTH CAUSE OF ACTION**

**49.** Defendants repeat and reallege each of the above paragraphs as if set forth at length herein.

**50.** Paragraph "59" of the Complaint is denied as the Plaintiff did not work a shift of ten hours or more.

**51.** Paragraph "60 & 61" " of the Complaint are denied by the Defendants and leave Plaintiff to his proof.

**AS TO SIXTH CAUSE OF ACTION**

**52.** Defendants repeat and reallege each of the above paragraphs as if set forth at length herein.

**53.** Paragraph "62" of the Complaint asserts a legal conclusion to which no answer is required, to the extent an answer is required, Defendants deny each and every allegation asserted against the Defendants.

**54.** Paragraph "63" of the Complaint asserts a legal conclusion to which no answer is required, to the extent an answer is required, Defendants deny each and every allegation asserted against the Defendants.

**AS TO SEVENTH CAUSE OF ACTION**

**55.** Defendants repeat and reallege each of the above paragraphs as if set forth at length herein.

**56.** Paragraph "64 & 65" of the Complaint assert a legal conclusion to which no answer is required, to the extent an answer is required, Defendants deny each and every allegation asserted against the Defendants.

## AFFIRMATIVE DEFENSES

**57.** Defendants make the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

### FIRST AFFIRMATIVE DEFENSE

**58.** The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**59.** At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of the applicable laws.

### THIRD AFFIRMATIVE DEFENSE

**60.** Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

**61.** Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, and or excuse.

**FIFTH AFFIRMATIVE DEFENSE**

**62.** Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, accord and satisfaction, offset and/or setoff. Plaintiff URENA has been during the work hours shift been found most of the time, using and talking on the phones. Except when he was sent to deliver the food etc.

**SIXTH AFFIRMATIVE DEFENSE**

**63.** Defendants are not "employers" under the FLSA, or the NYLL.

**SEVENTH AFFIRMATIVE DEFENSE**

**64.** The Complaint is barred, in whole or in part, as the Plaintiff fraudulently claimed that he also worked as Kitchen Helper etc., and thus wrongfully claimed that he worked long hours than he actually worked.

**EIGHTH AFFIRMATIVE DEFENSE**

**65.** Plaintiff's claims, fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**NINTH AFFIRMATIVE DEFENSE**

**66.** Plaintiff's damages if any, were caused by their own actions and/or omissions.

**`ADDITIONAL DEFENSE**

**67.** Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action including without limitation any equitable defenses.

**WHEREFORE,** it is requested that the Court grants the Defendant the following relief(s):

- Dismiss the Complaint of the Plaintiffs with prejudice.
- Judgment against the Plaintiffs and in favor of the Defendants for frivolous action by Plaintiffs, awarding damages.
- Awarding Defendants their attorney fee, costs and expenses of defending this action.
- Grant such other and further relief as the court deems just and proper.

Dated: Queens, New York
November 3, 2023

KHALID M. AZAM, ESQ.
AZAM & HERTZ, LLP
Attorney for the Defendants
75-35 31st Avenue, Suite 201

Jackson Heights, NY 11370
Tel: (718) 672 8115
Email: azamlaw@yahoo.com

Arthur H. Forman, Esq.
98-20 Metropolitan Avenue
Forest Hills, NY 11375
Tel: 718-268-2616
Email:ahf@ahforman.com

**Index No.** 23-CV-06301-DLI-RML **Year 2023**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTONIO URENA,

Plaintiff,

-against-

TAJ OF INDIA INC., d/b/a
TAJ KABAB KING and
AFSOR UDDIN,

Defendants.

# ANSWER TO THE COMPLAINT

**KHALID M. AZAM**
**AZAM & HERTZ, LLP**
***Attorneys for:* Defendants**
75-35 31st AVENUE, SUITE 201
JACKSON HEIGHTS, NY 11370
**Tel**: 718-672-8115 FAX: 718-744-2300

*Pursuant to 22 NYCRR 130-1.1, the undersigned, and attorney admitted to practice in the courts of New York State, certifies than upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous*

Date: 11-03-2023 *Signature:* [signature]

*Print Signer's Name* **KHALID M. AZAM**

*Service of a copy of the within Opposition papers to Motion to Discontinue* *Is hereby admitted.*
*Dated: 11-3-2023*

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ *That the within is a (certified) true copy of a*
*Entered in the office of the clerk of the within name Court on* *2023*

☐ *That an Order of which the within is a true copy will be presented for settlement to the*
*Hon.* *One of the judges of the within name Court, at* *on* *2023, at* *A M.*

**KHALID M. AZAM**
**AZAM & HERTZ, LLP**
*Attorney for:* **Defendants**
75-35 31st Avenue, suite 201.
Jackson Heights, New York 11370
(718) 672-8115
Email: azamlaw@yahoo.com